IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,210-01






EX PARTE CHARLES RAY SAULSBERRY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 123466101010 IN THE 209TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felon in
possession of a firearm and sentenced to two years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because trial counsel did not move to
suppress a firearm that was seized without a warrant. Applicant alleges that the police initially seized
him outside of apartments and "illegally" found cocaine in his pocket. He alleges they then entered
his apartment without a warrant where marihuana was present in plain view on a table. Applicant
contends that police eventually found the firearm he was charged with possessing after searching
through clothes in a closet. Applicant has alleged facts that, if true, might entitle him to relief.
Strickland v. Washington, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that trial counsel should have moved to suppress the firearm Applicant was accused of
possessing. The trial court shall make specific findings addressing the legality of the seizure and
counsel's actions or inactions in representing Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 26, 2012

Do not publish